UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-109 |
| | ) | (PHILLIPS/SHIRLEY) |
| DARRY G. REYNOLDS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on October 27, 2009, for a competency hearing. Assistant United States Attorney Kelly A. Norris was present representing the Government. Attorneys Gregory P. Isaacs and Andrea Moore were present on behalf of Defendant Darry G. Reynolds, who was also in attendance.

On October 9, 2009, defense counsel moved [Doc. 11] for a competency hearing based upon the forensic mental evaluation by Dr. James Murray. The Court granted [Doc. 16] the motion, finding reasonable cause to believe that the Defendant may be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. At a hearing on October 14, 2009, the Court denied the Government's request that the Defendant undergo a custodial mental examination at a federal facility but permitted the Government to arrange

1

for a local, non-custodial mental evaluation. The following day, the Government filed a Notice of Withdrawal of the United States' Oral Motion for Local Competency Evaluation and Motion to Expedite Competency Hearing [Doc. 15], stating that it no longer sought a mental evaluation of the Defendant and asking the Court to expedite the competency hearing. The Court subsequently reset the competency hearing from December 15, 2009, to October 27, 2009.

At the October 27 hearing, defense counsel presented the testimony of Dr. James Murray, a licensed clinical psychologist, who examined the Defendant in September and October 2009 and conducted a forensic evaluation. Dr. Murray interviewed the Defendant on two occasions, consulted with his treating psychologist and psychiatrist, reviewed medical records, and conducted a battery of psychological tests. He recounted that the Defendant was diagnosed with Post Traumatic Stress Disorder (PTSD) following his serious injury in an explosion at the nuclear waste disposal facility where he worked. Dr. Murray described the Defendant's performance on the various psychological tests and his Intelligence Quotient (IQ) score of 71, which Dr. Murray characterized as being slightly above the level for mental retardation. The tests reveal that the Defendant's memory is extremely impaired and that he functions at the third grade level. Dr. Murray stated that on the MacArthur Competency Assessment Tool for Criminal Adjudication the Defendant scored lower than ninety-nine percent of defendants determined to be competent and below 86% of all defendants judged to be incompetent. Due to the Defendant's severe PTSD and severe cognitive impairments, Dr. Murray opined that he was not competent to stand trial under the standard set forth in 18 U.S.C. § 4241. Dr. Murray's nine-page forensic report was made an exhibit.

"[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and

2

has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)); accord Mallet v. United States, 334 F.3d 491, 494-95 (6th Cir. 2003), cert. denied, 540 U.S. 1133 (2004). Section 4241 requires the Court to commit the defendant to the custody of the Attorney General if it finds by a preponderance of the evidence "that the defendant is presently suffering from a mental disease or defect rendering [him] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against [him] or to assist properly in [his] defense." 18 U.S.C. § 4241(d).

Based upon the testimony and report of Dr. Murray, the Court finds by a preponderance of the evidence that the Defendant does have and suffer from a mental defect that interferes with his ability to assist in his defense. Specifically, the Court finds that the Defendant suffers from cognitive impairment, whether organic or traumatic, and PTSD. These conditions affect his mental abilities such as his processing ability, memory, intelligence, and cognitive abilities. These conditions also require the Defendant to take a significant number of medications and render him unable to function without the assistance of friends and family. In its argument, the Government pointed to a number of facts that relate to the Defendant's ability to understand the nature and consequences of the proceedings against him, such as his basic knowledge of courtroom personnel, the improvement in his mental condition over the past ten years, his ability to recall facts of past events that personally involve him, and his ability to compensate in part by making notes. Even if the Court agreed with the Government that the Defendant is able to understand the nature and consequences of the proceedings against him, it still finds by a preponderance of the evidence that the Defendant is unable to assist properly in his defense due to his mental disease or defect. In

3

this regard, the Court finds that the Defendant is not able to process information either before trial from his attorney or during trial from witnesses and participants. The Defendant is not able to communicate with his attorney or testify on his own behalf. Finally, the Court finds that the Defendant is not able to weigh decisions regarding the feasibility of pretrial motions, trial strategy, plea negotiations, or sentencing issues. Thus, the Court finds that the Defendant is not presently competent to stand trial pursuant to the standard in section 4241.

Accordingly, the statute requires[1] and the Court **ORDERS** that the Defendant be committed to the custody of the Attorney General for treatment at a suitable facility. The Defendant will be designated to the facility by the Attorney General or his designee the United States Marshal and shall be transported there as soon as is reasonable. The Defendant is to remain at the facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there exists a substantial probability that the Defendant will attain the capacity to permit the trial to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). Following this initial assessment, the report of which shall be sent to the Court, defense counsel, and the Assistant United States Attorney, the Defendant, if he has not attained the capacity for trial to proceed, may be detained at the facility for an additional reasonable time period until the earlier of the following:

> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial

---

[1] Section 4241(d) states that upon finding that the defendant is incompetent, "the court shall commit the defendant to the custody of the Attorney General" for hospitalization for treatment. 18 U.S.C. § 4241(d). Thus, commitment under this provision is mandatory once the defendant is found to be incompetent. United States v. Magassouba, 544 F.3d 387, 404 (2d Cir. 2008); United States v. Ferro, 321 F.3d 756, 761 (8th Cir.), cert. denied, 540 U.S. 878 (2003); United States v. Filippi, 211 F.3d 649, 651 (1st Cir. 2000); United States v. Donofrio, 896 F.2d 1301, 1303 (11th Cir.), cert. denied, 497 U.S. 1005 (1990); United States v. Shawar, 865 F.2d 856, 860 (7th Cir. 1989).

4

> probability that within such additional period of time
> he will attain the capacity to permit the proceedings
> to go forward; or
>
> (B) the pending charges against him are disposed of
> according to law.

18 U.S.C. § 4241(d)(2). If the facility requests and the Court grants that the Defendant remain at the facility for an additional reasonable time beyond the initial four-month assessment period, the facility is ordered to provide the Court with semi-annual reports regarding the Defendant's condition and progress beginning with a report two months after the four-month assessment period. See 18 U.S.C. § 4247(e)(1)(A).

If at any time during the Defendant's commitment at the facility, the director of the facility determines that the Defendant has recovered his competency, the director shall file a certificate to that effect promptly with the clerk of this Court. See 18 U.S.C. § 4241(e). The Court will then hold a hearing pursuant to 18 U.S.C. § 4247(d) to determine the Defendant's competency to stand trial. 18 U.S.C. § 4241(e). If the Court finds that the Defendant is competent at that time, it shall order the Defendant's immediate discharge from the facility. Id. In such event, upon discharge, the Defendant will abide by his current conditions of release while awaiting trial or pending further orders of the Court.

During the October 27 hearing, the Court heard testimony about the importance of the Defendant remaining on his present regime of medication. The Court agrees that the Defendant needs to stay on his medications. Defense counsel is directed to make the appropriate arrangements through the United States Marshals and the Bureau of Prisons for this to occur. The trial of this case remains set for May 11, 2010. The parties are to appear before the Court on **March 4, 2010**, **at 1:30 p.m.**, for a status conference.

Accordingly, it is ordered:

>   (1) That the Defendant is committed to the custody of the Attorney General for treatment at a suitable federal facility for a reasonable period of time not to exceed four months as set forth more fully above;
>
>   (2) That the Defendant shall be designated and transported to the approved federal facility as soon as reasonably possible;
>
>   (3) That upon the completion of the initial treatment period, the the examiner and/or examiners shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, the Assistant United States Attorney, and defense counsel a report that shall include:
>
>   (a) the Defendant's history and present symptoms;
>
>   (b) a description of the psychiatric, psychological and medical tests that were employed and their results;
>
>   (c) the examiners' findings;
>
>   (d) the examiners's opinions as to diagnosis and prognosis, and
>
>   (i) whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and
>
>   (ii) whether, if the Defendant is incompetent, a substantial probability exists that he could be rendered competent with an additional period of treatment.
>
>   (4) That the Government and defense counsel appear on **March 4, 2010**, **at 1:30 p.m.**, for a status conference; and

6

Case 3:09-cr-00109-TWP-CCS   Document 19   Filed 10/28/09   Page 6 of 7   PageID #: 66

(5) That the Clerk of Court serve copies of this order
on counsel of record and serve three certified copies
on the United States Marshal.

**IT IS SO ORDERED.**

                                  ENTER:

                                      s/ C. Clifford Shirley, Jr.
                                  United States Magistrate Judge